**SANDERS LAW GROUP**
Craig B. Sanders (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125771

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Stokes,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Menagerie, Inc.,<br><br>　　　　　　　Defendant. | Case No:<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Michael Stokes ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant Menagerie, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print

publications.

3. Defendant owns and operates a social media account on Facebook named as "@themenagerieriverside" (the "*FB Account*").

4. Defendant owns and operates a social media account on Instagram named as "menagerieriverside" (the "*IG Account*").

5. The IG Account and the FB Account (hereinafter collectively referred to as the "*Accounts*") are associated with Defendant.

6. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Accounts and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff Michael Stokes is an individual who is a citizen of the State of California and maintains a principal place of business in Los Angeles County, California.

8. Upon information and belief, Defendant Menagerie, Inc., is a California corporation with a principal place of business at 3581 University Avenue, Riverside in Riverside County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Menagerie, Inc. because it maintains its principal place of business in California.

11. Venue is proper under 28 U.S.C. §1391(a)(2) because Menagerie, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

12. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which Plaintiff licenses to online and print publications.

13. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

15. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

16. Menagerie, Inc. is the registered owner of the Accounts and is

responsible for their content.

17. Menagerie, Inc. is the operator of the Accounts and is responsible for their content.

18. The Accounts are popular and lucrative commercial enterprises.

19. The Accounts is monetized in that it promotes traffic to Defendant's physical business location and, upon information and belief, Defendant profits from these activities.

20. On July 16, 2015, Plaintiff authored a photograph of Colin Wayne, nude, holding a football (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

21. Mr. Wayne is a U.S. Army Veteran who was injured in a missile attack when he returned to the Gulf as a contractor. He was a very famous fitness model and is now a successful entrepreneur. Mr. Wayne's biography can be found at https://infofamouspeople.com/famous/colin-wayne.htm

22. Plaintiff was one of the very few photographers Mr. Wayne posed for and considered the resulting images very racy and sexual. Plaintiff and Mr. Wayne had an understanding that his images, including the Photograph, would just go into Plaintiff's books, fine art prints and Plaintiff's social media but would not be licensed or used elsewhere.

23. The Photograph was registered by the USCO on October 19, 2015

under Registration No. VAu 1-222-629.

24. On June 15, 2022 Plaintiff first observed the Photograph on the Accounts in posts dating: January 28, 2020, January 31, 2020, February 1, 2020, and February 2, 2020. Copies of the screengrabs of the Accounts including the Photograph is attached hereto as Exhibit 2.

25. The Photograph was displayed on the FB Account at URLs:

- https://www.facebook.com/themenagerieriverside/photos/3132864453409765/,
- https://www.facebook.com/themenagerieriverside/photos/3138372459525631/,
- https://www.facebook.com/themenagerieriverside/photos/3140624882633722/, and at
- https://www.facebook.com/themenagerieriverside/photos/3142940109068866/.

26. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Photograph as is set forth in Exhibit "1" on the Accounts.

27. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter collectively referred to as the "*Infringements*" and singularly as the "*Infringement*").

28. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or

stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

29. Each Infringement is contains a copy of the majority of Plaintiff's original image that was directly copied and stored by Defendant on the Accounts.

30. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

31. Upon information and belief, the Photograph was willfully and volitionally posted to the Accounts by Defendant.

32. Upon information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

33. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

34. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

35. Upon information and belief, Defendant monitors the content on its

Accounts.

36. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

37. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase in its physical business revenues.

38. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Accounts.

39. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

40. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

41. In November of 2015, Plaintiff released a hardcover photographic volume titled "Always Loyal," a work dedicated to severely wounded U.S. Gulf War Veterans. All the veterans in the book are severely wounded and have had amputations.

42. This work was reported on and recognized by numerous reputed and recognized televisions, print, and online media organizations including but not limited to CNN, Buzzfeed, Redbook, MTV, The Tonight Show, and The View.

43. At the time of the initial filing, Mr. Stokes's photography work has

a following over 948,000 people on Facebook.com, over 180,000 people on Instagram.com, and over 185,000 people on Twitter.com.

44. After achieving notoriety within the veteran and international armed force community, Plaintiff became more selective about when and where he posts any image including, depicting or alluding to wounded veterans from any of the armed services.

45. The general public familiar with the Plaintiff's work may assume that the Plaintiff 'sold-out' and licensed the image of a wounded veteran to Defendant to a business known as "The Menagarie" to advertise their Superbowl party is egregious.

46. The Infringement not only exploits an American service member for ticket and alcohol sales, but also damages the reputation of Plaintiff and Mr. Wayne by associating them with behaviors they did not wish to endorse or condone.

47. In the same way the Defendant hoped to illicit enthusiasm by using the Plaintiff's Photograph, conversely the audience the Plaintiff has cultivated would feel a betrayal.

48. The Infringement also damages Plaintiff by removing the exclusivity of the Photograph.

49. As a result of Defendant's misconduct, Plaintiff has been

substantially harmed.

# FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

50. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

51. The Photograph is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

52. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

53. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

54. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

55. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted,

publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing articles on the Accounts.

56. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

57. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

58. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

59. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon

Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a.    finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: July 5, 2022

**SANDERS LAW GROUP**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125771

*Attorneys for Plaintiff*