UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STOKES,<br><br>                    Plaintiff,<br><br>        v.<br><br>MENAGERIE, INC.,<br><br>                    Defendant. | Case No. 5:22-cv-01103-SSS-KKx<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [Dkt. 17]** |

Before the Court is Plaintiff Michael Stokes' ("Plaintiff") Motion for Default Judgment by the Court against Defendant Menagerie, Inc. ("Defendant"). [Dkt. 17]. On January 10, 2023, the Court found the motion appropriate for decision without oral argument and vacated the hearing previously set for January 13. [Dkt. 20]; Fed. R. Civ. P. 78; L.R. 7-15.

For the following reasons, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**. The Court enters judgment against Defendant as set forth in Part III-C and IV of this Order.

## I.   BACKGROUND

Plaintiff Michael Stokes ("Plaintiff") is a professional photographer. [Dkt. 1 at ¶ 12]. Plaintiff is the author of a photograph (the "Photograph") of U.S. Army Veteran Colin Wayne. In the Photograph, Mr. Wayne is depicted nude but for a strategically placed football. [Dkt. 1-1]. The Photograph was registered with the United States Copyright Office in November 2015 under Registration No. VAu 1-222-629. [Dkt. 1 at ¶ 23; Dkt. 17-3].

Defendant Menagerie, Inc. ("Defendant") owns and operates a business it advertises as "downtown Riverside's 'fabulaus' gay nightclub." Defendant maintains a Facebook account under the username "@themenagerieriverside" and an Instagram account under "menagerieriverside". [Dkt. 17-1 at 8, 9].

Without Plaintiff's knowledge or permission, Defendant created a social media advertisement for the Menagerie's 2020 Super Bowl Watch Party which featured the Photograph of Mr. Wayne. [Dkt. 1-2]. Defendant posted this advertisement on its Facebook and Instagram accounts eight times (four posts per account) between January 28 and February 2, 2020. [Dkt. 1 at ¶ 24, 25; Dkt 1-2; Dkt. 17-2 at ¶ 25, 26].

Plaintiff discovered Defendant's posts in June 2022. On July 5, 2022, he filed the instant lawsuit alleging one cause of action for direct copyright

infringement under 17 USC § 501 *et seq*. [Dkt. 1].[1]  Defendant was properly served with Plaintiff's summons and complaint on August 1, 2022 but has so far failed to appear in this action.  [Dkt. 10].

Plaintiff now moves for entry of default judgment.  He seeks the maximum statutory damages available under 17 USC §504(c)(2) for willful copyright infringement, plus attorney's fees and litigation costs.

## II.  LEGAL STANDARD

Rule 55(b)(2) authorizes a district court to grant default judgment after the Clerk enters default under Rule 55(a).  *See* Fed. R. Civ. P. 55(b); *see also PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002).  Once default has been entered, the factual allegations in the complaint, except those concerning damages, are taken as true and deemed admitted by the nonresponding party.  Fed. R. Civ. P. 8(b)(6); *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012).

Default judgment is not automatic upon the Clerk's entry of default; rather, it is left to the Court's discretion.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  The Ninth Circuit has set forth seven factors, sometimes called the *Eitel* factors, for a court to evaluate in determining whether to enter default judgment:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of plaintiff's substantive claim;

---

[1] An owner's claim under federal copyright law accrues at the time he learns of the infringement, rather than when the infringement initially occurs.  Accepting Plaintiff's relevant factual allegations as true, as it must in a motion for default judgment, the Court finds Plaintiff has filed his complaint well within the applicable three-year statute of limitations.  *See Wolf v. Travolta*, 167 F.Supp.3d 1077, 1091-92 (C.D. Cal. 2016).

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect, *and*

(7) the strong public policy favoring decisions on the merits. *Id.* at 1471-72. "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

### III.  DISCUSSION

#### A.  Service and Entry of Default

Before reaching the *Eitel* factors, the district court must first ensure that all procedural prerequisites to default are satisfied. Here, the Court notes that Defendant has been appropriately served via registered mail and proof of service has been provided. [Dkt. 10]; *see* Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1); Cal. Code Civ. P. 415.20(a).

The Clerk has entered default against Defendant as required by Rule 55(b)(2). [Dkt. 13]. Plaintiff's Motion is therefore properly before the Court.

#### B.  *Eitel* Factors

##### i.  Possibility of Prejudice to Plaintiff

The first *Eitel* factor requires the Court to consider whether withholding default judgment would prejudice the Plaintiff. On a motion for default judgment, "prejudice" exists where the plaintiff has no "recourse for recovery" other than default judgment. *Phillip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Because Defendant has not engaged with litigation in any way, Plaintiff will be left without recourse if this motion is denied. *PepsiCo, Inc.*, 238 F.Supp.2d at 1177.

The first *Eitel* factor therefore favors entry of default judgment.

### ii. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third *Eitel* factors address whether the plaintiff has set forth viable claims and pled sufficient facts to support them. 782 F.2d at 1471; *PepsiCo*, 238 F.Supp.2d at 1175, citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("The Ninth Circuit has suggested that these two factors require that a plaintiff state a claim on which [they] may recover.") "Claims [that] are legally insufficient…are not established by default." *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992) (internal citations omitted).

To prevail on a claim for copyright infringement under Title 17 of the U.S. Code, a litigant must demonstrate (1) that he owns a valid copyright in the work at issue, and (2) that defendant has "cop[ied] constituent elements of the work that are original." *Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Plaintiff has provided proof of the Photograph's registration with the United States Copyright Office, satisfying this first element. [Dkt. 17-3]; *see S.O.S. Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989) ("a certificate of [copyright] registration made within five years of first publication is prima facie evidence of the validity of the copyright").

A litigant may then prove "copying" by providing evidence of (1) defendant's access to plaintiff's copyrighted work and (2) substantial similarities between the copyrighted work and the defendant's purportedly infringing work. *Universal City Studios, Inc. v. Film Ventures Int'l, Inc.*, 543 F.Supp. 1134, 1140 (C.D. Cal. 1982). Here, Plaintiff explains that Defendant had access to the Photograph because Plaintiff posted it on his own public social media accounts. [Dkt. 17-1 at 13]. Plaintiff has also side-by-side copies of his Photograph and the photograph included in Defendant's advertisements, demonstrating that the two images are identical. [*See* Dkt. 1-1; Dkt. 1-2].

However, while Plaintiff has stated a claim for copyright infringement, he has not adequately demonstrated that Defendant's infringement was willful. For the purposes of federal copyright law, "willful" refers to "conduct that occurs with knowledge that the defendant's conduct constitutes copyright infringement." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 957 (9th Cir. 2001) (internal quotation marks omitted). Because a finding of willfulness is required to increase the available statutory penalty, even a litigant seeking judgment upon entry of default must adduce at least some evidence in support of such contentions. *Id.*, citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Willfulness "need not be proven directly but may be inferred from the defendant's conduct." *Star Fabrics, Inc. v. Zappos, Inc.*, No. 13-229, 2013 WL 12123687 at *7 (C.D. Cal. Sept. 10, 2013) (internal citations omitted). Court commonly find that a defendant has acted willfully where it has refused to discontinue infringing conduct after receiving a cease-and-desist notice, *see id.*, or had sought formal permission for prior, similar uses of protected works, *see Spencer Promotions, Inc. v. 5th Quarter Enterprises Inc.*, No. 94-988, 1996 WL 438789 at *3 (N.D. Cal. Feb. 21, 1996).

Plaintiff has not provided any comparable support for his conclusory assertion that Defendant "engaged in the [i]nfringements knowingly," [Dkt. 1 at ¶ 33]. Indeed, Plaintiff "fails to provide *any* factual allegations regarding Defendant's knowledge, willfulness, or recklessness, which, if accepted as true, would entitle [him] to relief." *Amini Innovation Corp. v. KTY Intern. Marketing*, 768 F.Supp.2d 1049, 1054-55 (C.D. Cal. 2011) (emphasis added).

The Court therefore concludes Plaintiff has satisfied the second and third *Eitel* factors as to his claim of copyright infringement but has not established that Defendant's infringement was willful.

    **iii.**    **Sum of Money at Stake in the Action**

Under the fourth *Eitel* factor, the Court must balance "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F.Supp.2d at 1176. "This requires that the Court assess whether the recovery sought is proportional to the harm caused by the defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916, 921 (C.D. Cal. 2010).

A copyright owner is entitled to elect statutory damages for infringement at any time prior to entry of final judgment. *Rolex Watch U.S.A., Inc. v. Watch Empire LLC*, No. 13-9221, 2015 WL 9690322 at *4 (C.D. Cal. Sept. 29, 2015). The federal copyright statute generally permits statutory damages between $750 and $30,000 per work infringed, although a Court may increase the plaintiff's award to as much as $150,000 if he demonstrates that defendant acted willfully. 17 U.S.C. § 504(c)(1)(2).

Because Plaintiff has not established willfulness, his available damages are capped at $30,000. Although the Court finds that an award at the higher end of this range would be excessive, *see* Part III-C-i below, Plaintiff is entitled by statute to at least some compensation for Defendant's infringing uses. The Court also notes that statutory damages are considered a "particularly appropriate" remedy for copyright infringement in cases where, like this one, the "defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages." *Jackson v. Sturkie*, 255 F.Supp.2d 1096, 1101 (N.D. Cal. 2003).

The fourth *Eitel* factor therefore weighs in favor of default judgment.

### iv. The Possibility of a Dispute Concerning Material Facts

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case." *PepsiCo.*, 238 F.Supp.2d at 1177. When a plaintiff has "supported its claims with ample evidence, defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes

exist that preclude the entry of default judgment." *Landstar Ranger*, 725 F.Supp.2d at 922; *see also Elektra Entertainment Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

Here, Plaintiff has properly pled his claim for copyright infringement and given Defendant ample opportunity to defend against it. Defendant, having failed to appear or otherwise respond to Plaintiff's claims, is deemed to have admitted all material facts in the complaint. Fed. R. Civ. P. 8(b)(6); *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Accordingly, the Court finds that no factual disputes exist to preclude entry of default judgment.

### v. Whether the Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers the issue of excusable neglect. "The determination of what conduct constitutes 'excusable neglect'… is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011). "This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign*, 845 F.Supp.2d 1072, 1082 (C.D. Cal. 2012).

Defendant was properly served with Plaintiff's summons and complaint. [Dkt. 10]. There is no evidence of good cause for Defendants' failure to appear or respond. This factor weighs in Plaintiff's favor.

### vi. Policy in Favor of Deciding Cases on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The fact that Rule 55(b) has been enacted, however, indicates that "this preference, standing alone, is not dispositive."

*Pepsico*, 238 F.Supp.2d at 1177 (internal citations omitted).  Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend. *See Pepsico*, 238 F.Supp.2d at 1177 ("Defendant's failure to answer plaintiffs' complaint makes a decision on the merits impractical, if not impossible").

Since Defendant failed to respond to Plaintiff's complaint, the seventh *Eitel* factor does not preclude the entry of default judgment against it.

## C. Relief Sought by Plaintiff

In light of the *Eitel* analysis provided above, the Court concludes that Plaintiff is entitled to entry of default judgment against Defendant.  Plaintiff moves for the maximum available statutory damages under 17 USC § 504(c) plus attorney's fees and costs pursuant to 17 USC §505 and §1203(b)(5).

### i. Statutory Damages

A copyright owner may elect to recover an award based on statutory damages for any infringement, regardless of the adequacy of evidence offered of his actual damages or the amount of defendant's profits.  17 USC § 504(c); *see also Los Angeles News Service v. Reuters Television Intern., Ltd*., 149 F.3d 987, 996 (9th Cir. 1998).  Where a litigant has demonstrated infringement without establishing that defendant acted willfully, the federal copyright statute provides for an award "not less than $750 or more than $30,000" as "the court considers just."  17 USC § 504(c)(1).

Within this range, Court enjoys broad discretion in determining statutory damages.  *Peer Int'l Corp. v. Pausa Records, Inc*., 909 F.2d 1332, 1336 (9th Cir.1990).  Damages for copyright infringement are intended to both compensate the owner for his harms and serve as a "deterrent" to the infringer, but no plaintiff is entitled to a "windfall." *Adobe Systems, Inc. v. Tilley,* No. 09-1085, 2010 WL 309249 at *5 (N.D. Cal. Jan. 19, 2010).  Indeed, where possible, "statutory damages should be proportional to the damages suffered by

the copyright holder." *Star Fabrics, Inc. v. Zappos, Inc.*, 2013 WL 12123687 at *7.

The injuries Plaintiff identifies here are largely abstract and speculative. He contends that, should Mr. Wayne learn that his image "had been used by Defendant for its prurient purpose," he would "likely discourage any of his fellow veterans and servicemembers from [working with Plaintiff] … resulting in…the loss of Plaintiff's business." Otherwise, Plaintiff mostly describes hypothetical harms that – if they ever materialized – would be suffered not by Plaintiff in his capacity as copyright holder, but instead by Mr. Wayne himself and/or the "wounded veterans' community as a whole." [Dkt. 17-1 at 15]. Plaintiff offers no concrete evidence of lost profits, actual reputational harms, or any other concrete injuries suffered as a result of Defendant's infringement.

The Court concludes that a modest penalty will likely be sufficient to deter Defendant from engaging in similar future misconduct. Defendant appears to be a small, local Riverside business. Any profits Defendant generated from its 2020 Superbowl Party are, at best, indirectly attributable to its use of Plaintiff's Photograph in the promotional posts. Indeed, because there is no evidence that Defendant knew its actions were unlawful, and because Plaintiff's first and only attempt to address the infringement was by filing this lawsuit more than two years after Defendant's last infringing use, the Court has little reason to believe that anything beyond a cease-and-desist letter would be required to prevent future infringement upon Plaintiff's copyright(s).

As such, the Court awards Plaintiff the minimum statutory penalty of $750.

      **ii.**    **Attorneys' Fees**

Plaintiff seeks attorney's fees pursuant to 17 U.S.C. § 505, which provides "the court may…award a reasonable attorney's fee to the prevailing party as part of the costs." He asks that this award be calculated based upon the

-10-

statutory damages awarded and according to the fee schedule provided in the Local Rules. Based upon the Court's award of $750 in damages and the formula provided in L.R. 55-3, Plaintiff is entitled to $250 in attorney's fees. The Court grants him this amount.

### iii. Litigation Costs

Section 505 of the Copyright Act further provides that "the court may, in its discretion" allow the prevailing party to recover costs associated with the litigation. 17 USC § 505; *see also Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 885 (9th Cir. 2005).

Here, Plaintiff requests $586 in total fees: $402 to file his complaint, and an additional $184 as an "attorney service fee to serve [the] summons and complaint." The Court finds this amount reasonable and so awards Plaintiff the full $586.

## IV. CONCLUSION

Plaintiff's Motion for Default Judgment is **GRANTED** in part and **DENIED** in part. [Dkt. 17]. The Court **ENTERS** judgment against Defendant and **AWARDS** Plaintiff $750 in statutory damages and an additional $836 in attorney's costs and fees.

**IT IS SO ORDERED.**

Dated: March 8, 2023

SUNSHINE S. SYKES
United States District Judge